WHEELER & WILSON MANUFACTURING COMPANY, Appellant, *v.* JOSEPH W. ELBERSON, Respondent.

*Principal estopped to deny the agent's authority after accepting the benefits of a contract — appeal.*

A person who has accepted the benefits of a contract cannot be heard, upon the trial of an action brought to charge the other party thereto with liability thereunder, to question the authority of the agent who made the contract in his behalf; nor can the question, as to the authority of the agent to bind him thereby, be raised for the first time upon appeal.

APPEAL by the plaintiff, the Wheeler & Wilson Manufacturing Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Suffolk on the 4th day of October, 1894, upon the verdict of a jury rendered after a trial at the Suffolk Circuit, and also from an order entered in said clerk's office on the 26th day of September, 1894, denying the plaintiff's motion for a new trial made upon the minutes.

*Holden & Allen,* for the appellant.

*Thomas J. Ritch, Jr.,* for the respondent.

BROWN, P. J. :

This action was brought to recover against the defendant as the maker of two promissory notes, also upon an account for merchandise sold.

The cause of action upon the account is admitted to be barred by the Statute of Limitations.

The notes were given to secure the payment of the purchase price of sewing machines, and one of them contained a provision that the title to the machines, for the payment of which it was given, should remain in the plaintiff (the vendor) until the notes were paid.

The defense was that prior to the maturity of the notes, the defendant, being insolvent, entered into an agreement with the plaintiff whereby all the machines, together with certain shafting, transmitters and other property, were surrendered to the plaintiff in consideration of the cancellation of the notes. That the plaintiff took possession of the property and refused to surrender the notes.

Instead of so doing, it credited upon them the value of the property received, and brought this action to recover the balance.

Upon the issue thus raised the jury found for the defendant.

The point is now made that the agent, who negotiated the agreement with the defendant, was without authority to bind the plaintiff to surrender the notes or cancel the debt. This point was not taken at the trial, and there was no request made to take the case from the jury or to instruct them upon the question of the agent's authority. The question cannot be raised for the first time on appeal, and is not now available to the appellant.

The agreement, however, was supported by ample consideration in the surrender of the machines before the maturity of the notes, and in the transfer of shafting and other property, of which the defendant had the absolute title. And the plaintiff, having accepted the benefits of the contract, cannot now be permitted to question the authority of the agent who made it.

The judgment must be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment and order affirmed, with costs.